ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v.* PICKETT.

Opinion delivered February 22, 1902.

1. EXEMPLARY DAMAGES—SEPARATE ACTION.—The rule that a separate action will not lie for exemplary damages does not prevent a separate action from being maintained by a railway employee to recover the statutory damages for failure of the railway company to pay his wages on the day of his discharge; such damages being partly compensatory and partly exemplary. (Page 228.)

2. STATUTORY DAMAGES FOR WITHHOLDING WAGES—WAIVER.—Giving a receipt in full or doing any other act indicating a final settlement of all claim growing out of the discharge of a railway employee without paying his wages on day of discharge will be considered a waiver by the employee of any further claim against the railway company for the statutory damages. (Page 228.)

3. EVIDENCE—PAYMENT AS ADMISSION.—The fact that a railway company paid its employee for an extra day's time claimed by him does not conclusively prove that it owed him therefor; whether such payment was an admission of indebtedness being for the jury to determine. (Page 229.)

Appeal from Miller Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

*J. E. Williams* and *Dodge & Johnson,* for appellant.

Appellee's failure to demand the penalty or exemplary damages at the time he was paid amounts to an election to abandon such claim, or a waiver thereof. Herm. Estop. 955; 15 Wall. 154; 27 Ark. 367; 135 Mass. 172; 87 N. Y. 166; 10 Blatchf. 178; 59 Mich. 179; 2 Hill, 288; 2 Lans. 283; 15 C. B. 145; S. C. 80 Eng. C. L. 145; 121 N. Y. 161; S. C. 18 Am. St. 803; 31 Mich. 309; L. R. 8 C. P. 309; 115 N. Y. 393; 46 Ark. 221; 92 U. S. 382. The burden of proof is on the party seeking to show that a receipt in full should not be given effect according to its tenor. 21 Ark. 360; 8 Pet. 399; 23 Cal. 269; 44 Ill. 425; 10 La. An. 749. The right was subject to waiver. 18 Barb. 585; 4 Dill. 183. Merely

nominal actual damage cannot be made the basis of a recovery of exemplary damages. 12 Am. & Eng. Enc. Law (2d Ed.), 21; 37 N. W. 118; 68 Me. 279; 70 Ill. 497; 71 Ill. 241; 30 Mich. 493; 50 Mich. 645; 51 S. W. 858; 70 Ill. 76; 21 Ohio St. 98; 72 Ill. 36, *id.* 542; 73 Ill. 187; 38 Kan. 578; 58 Kan. 250; 68 Me. 287; 67 Me. 517; 30 Mich. 494; 86 Tex. 697; 54 Tex. 45; 79 Tex. 460; 75 Tex. 1; 62 Mo. App. 122.

*Oscar D. Scott* and *Paul Jones,* for appellee.

There was no waiver. 21 Am. & Eng. Enc. Law, 526; Bish. Cont. § 792; 32 Conn. 40; 100 Mass. 563; 54 Vt. 92.

BUNN, C. J.   The appellee, who was plaintiff in the court below, was, on the 15th December, 1898, employed by the appellant, the defendant in the court below, as baggage master at the stipulated price of $65 per month.  It appears from the testimony, as alleged in the defendant's answer, that he was employed as an extra man,—that is to say, he was assigned to work as the exigencies of the service demanded, and was paid by the day for the days he actually worked.

On the 27th day of January, 1899, he was discharged, and his actual wages due were paid, except that the plaintiff claimed that one day more than was allowed him on the paymaster's books was due him, to-wit: for the day occupied in returning from Bald Knob or Newport, Arkansas to Poplar Bluff, Missouri, in answer to a recall order of the proper official of the defendant company. This day was not paid for by the paymaster, but plaintiff was directed to correspond with the time keeper on the subject, which he did, and finally with the chief official of the company on that division of its road, and the extra $2 were then paid by the company, after a delay, as plaintiff claims, of 57 days from the time when the other wages actually due were paid by the company.

The plaintiff received the $2 on the 15th March, 1899, and on the 29th of the same month brought this suit for the amount of the penalty imposed by statute for failure to pay employees their wages when discharged,—that is, for the sum of $123.50 and interest.

The defendant failing to appear in the justice's court when the suit was instituted, judgment by default was rendered therein against it, and thereafter in due time it took an appeal to the circuit court, where it filed its answer to the complaint, admitting

the employment of plaintiff as set up in the complaint, but alleging that he was so employed as an extra man, to receive pay only for the time he should actually work. Defendant denies that it ever withheld wages actually due the plaintiff, but avers that he was paid all that was due him at the date of his discharge; and denies that it failed or refused to pay him any part of the wages until the 16th March, when the said $2 are admitted to have been paid. Defendant further alleges that plaintiff having received from it his wages, and having receipted in full for all wages claimed by him to be due, is estopped from claiming anything further by reason of any failure or refusal to pay him. Judgment was rendered for plaintiff in the sum of $125.50, and it appealed to this court.

Several preliminary questions were raised on the pleadings. The first is whether a suit for a penalty, as denominated in the statute under which this suit is brought, is maintainable without a claim for actual damages.

In *Leep* v. *Railway Co.,* 58 Ark. 407, this court held that, notwithstanding the use of the word "penalty" in the statute, the imposition therein made, for a failure to pay the wages due on discharge or failure to re-employ, is in fact in the nature of exemplary damages. Now, the general rule is that a separate and independent action cannot be maintained for exemplary or punitive damages, but such damages are received, if at all, as an incident to the claim and judgment for actual damages. But in a case like this, construing the act of March 25, 1889, entitled "An Act to Provide for the Protection of Servants and Employees of Railroads," Acts of 1889, page 76, it was stated by this court that "the additional amount is allowed on account of the failure to pay the wages when due, and is regulated according to the length of the delay of payment. It is allowed for a double purpose, as a compensation for the delay, and as a punishment for the failure to pay." *Leep* v. *Railway Co. supra.* The additional amount, being partly compensatory and partly exemplary damages, as was held in that case, really does not bring this class of cases under the general rule, and as the amount paid under the terms of the contract, but not at the time when due, is not necessarily a satisfaction of the claim for the additional amount, which is itself at least partly actual or compensatory damages, plaintiff had still a right of action for the latter.

A receipt in full by the employee, or any other act of his indicating a final settlement of all claim growing out of the

transaction, must be considered a waiver of further claim, after the amount due under the contract has been paid and received.

On the trial, one of the material questions was, whether or not the plaintiff was entitled to the extra day's pay claimed by him. He claimed that it was owing him, and that it was not paid until 57 days after the same was due and the other wages paid. His main evidence to support this contention that the extra day was owing to him was the fact that the defendant had finally paid it, and that of itself was an acknowledgment of its justness. On the other hand, the defendant claimed that the $2 for the extra day was paid in nature of a compromise, and not that the same was due, but only to get rid of the matter, without any regard for its justness or injustice. The fact whether this payment was an admission of the justness of the claim or not was material, and should have been submitted to the jury fairly and definitely. This has not been done, and the defendant, among others, asks its fifth instruction, which was refused by the court, which is as follows: "The court instructs the jury that the mere fact that the defendant paid the plaintiff the one day's extra time, as claimed by him, does not establish the fact that it owed it; and if, as a matter of fact, under defendant's usage and custom and the terms of employment with plaintiff, such one day's time was not due plaintiff, he would not be entitled to recover in this case, and the fact that the defendant paid it would make no difference." As there was none other given to cover this point, this instruction should have been given, notwithstanding the improper use therein of the expression, "under defendant's usage and custom," which may be regarded as mere surplusage, when coupled with the proper expression, "and terms of employment with plaintiff," as in this instance. The refusal of this instruction was tantamount to holding that the payment of the extra day was conclusive of the fact that it was justly owing under the contract of employment.

For the error in refusing this instruction over defendant's objection the judgment is reversed, and the cause remanded for new trial.

WOOD, J., dissents from that part of the opinion which holds that a suit for exemplary damages may be maintained independently of the suit for actual damages.