St. Louis, Iron Mountain & Southern Railway Company

*v.* Walsh.

Opinion delivered April 27, 1908.

1. Master and servant—penalty for discharge without payment of wages—jurisdiction.—The so-called penalty provided by Kirby's Digest, § 6649, whenever a railroad company discharges a servant without paying his wages within seven days from his discharge, is

not strictly a penalty, but is an incident to the claim for wages, and may be added thereto in determining jurisdiction. (Page 149.)

2.  GARNISHMENT—WAGES OF RAILWAY EMPLOYEE.—Kirby's Digest, § § 3695, 3696, providing that no garnishment should issue where the sum due is $200 or less, and where the property sought to be reached is wages due to a defendant by any railroad corporation, until a judgment has been recovered, and that no railroad corporation shall be required to make answer where a garnishment is issued before recovery of a personal judgment against defendant, is a valid exercise of the State's power. (Page 149.)

3.  MASTER AND SERVANT—PENALTY FOR NONPAYMENT OF WAGES.—Where, during the time in which a railroad company was in default in paying the wages of a discharged servant, a valid judicial garnishment for a time prevented the company from paying such wages, this period *pro tanto* arrested the running of Kirby's Digest, § 6649, which provides for the continuation of the wages of a servant who is discharged without paying his wages. (Page 150.)

Appeal from Marion Circuit Court; *Brice B. Hudgins,* Judge; modified and affirmed.

*T. M. Mehaffy, J. E. Williams* and *Horton & South,* for appellant.

1.  The suit for wages and for the penalty are separate and distinct causes of action. 78 Ark. 208; 70 *Id.* 226. If complaint contains more than one cause of action, they should be stated in separate paragraphs and numbered. Kirby's Digest, § 6092. Had the court required plaintiff to state his two causes of action in separate paragraphs, one would have been for a debt of $100, the exclusive jurisdiction of which is vested in justices of the peace. Const. 1874, art. 7, § 40.

2.  The railway company was not liable for the penalty during the time the garnishments were pending, and this amount should be deducted. Defendant had seven days in which to pay the wages. Kirby's Digest, § 6649. Garnishment before judgment is forbidden. *Ib.* § 3696. The garnishment proceedings were at most only irregular, and defendant could not disregard them. Sec. 3696 has never been construed. The question is incidentally discussed in 82 Ark. 236. There the garnishment was void by Kirby's Digest, § 3905. As to liabilities of garnishees, see 14 A. & E. Enc. Law (2 Ed.), p. 842 (b), p. 843;

*Ib.* p. 852-3 N. 1 p. 853, etc.; Drake on Attachment (4 Ed.), § § 458-462.

*Frank Pace,* for appellee.

1. This suit is under section 6649, Kirby's Digest, which is for the better protection of employees, and it was not the intention of the Legislature to create or require two causes of action.  82 Ark. 379; 83 *Id.* 445.  See 58 Ark. 407; 70 *Id.* 228.

2. The garnishment was void.  Even if regular, garnishment before judgment is void.  Kirby's Digest, § 309.  No deduction should be made for the time between November 14th and December 29th.  Appellant did not fail to pay the wages because of the writ of garnishment, and no reason or excuse is shown for the failure.  After the garnishment was quashed and Miser's suit dismissed, no payment or tender was made from December 29th to February 8th, and appellee was compelled to bring suit.

HILL, C. J.  Pat Walsh was employed by the appellant railroad company as a fireman at $4 per day, and was discharged on November 14, 1906, and sued for $100 unpaid wages and for sixty days' wages—from November 14th to January 18th—at $4 per day, amounting to $240, for failure to pay his wages within seven days of discharge, pursuant to section 6649, Kirby's Digest.  He obtained judgment for $95.85 wages and $240 penalty.

1. The appellant questions the jurisdiction of the circuit court to maintain the action for $100 wages, and says the added $240 claimed is a separate cause of action which should be separately sued for in a different count.  In *Leep* v. *St. Louis, I. M. & S. Ry. Co.,* 58 Ark. 407, and *St. Louis, I. M. & S. Ry. Co.* v. *Pickett,* 70 Ark. 226, the nature of this so-called penalty was discussed, and it was held to be damages—both exemplary and compensatory—and not a penalty, although so nominated in the statute.  It is an incident to the amount due for wages, an unearned increment, as it were, and may be added to the claim for wages in determining jurisdiction.

2. On November 15th Walsh was sued by a creditor, and the railway company garnished.  This garnishment was later quashed, but judgment was rendered against him on December

7th, and on December 8th a judicial garnishment was served on the railroad company. On December 29th this garnishment was dismissed. On January 3d Walsh appeared to claim his wages as exempt against the garnishment, and learned it was dismissed. After sixty days expired he brought his suit for wages and for sixty days' additional wages beginning on date of his discharge. The court found from evidence adduced the facts essential to entitle Walsh to recover the continuing wages after his discharge, and gave judgment accordingly, as well as the amount due at date of his discharge. The appellant seeks to avoid payment of so much of the penalty as accrued while the garnishments were pending. The garnishment before judgment was contrary to section 3695, Kirby's Digest, and by section 3696 made void and not effective as notice. This court has often given full force to the statute, and there is no reason why it should not, for it is unquestionably a valid exercise of the State's power.

From December 8th to December 29th there was a valid judicial garnishment pending. This arrested the running of the wages while it existed, and that period must be subtracted from the period sued for.

With this modification the judgment is affirmed.