HUNT *v.* NORTHERN CONSTRUCTION CO.

Opinion delivered June 4, 1917.

1.  WAGES AND PENALTY—ACTION IN JUSTICE COURT—AMOUNT RECOVER-
    ABLE.—Appellant sued appellee in a justice court for wages and pen-
    alty; the total amount of same exceeded the jurisdiction of the
    justice. *Held,* the bringing of the action before the justice is tanta-
    mount to the entering of a remittitur for any sum due in excess of
    the jurisdiction of the justice, and that on appeal to the circuit court
    a recovery in excess of $300 could not be recovered, and the judgment
    of the circuit court extinguishes all sums due appellant in excess of
    the justice's jurisdiction.

2.  WAGES AND PENALTY—PAYMENT OF WAGES—SEPARATE ACTION FOR
    PENALTY.—Where appellant's wages are paid, he may maintain a
    separate action for penalty due under Kirby's Digest, § 6649.

3.  WAGES AND PENALTY—APPEAL FROM JUSTICE COURT.—The penalty
    under Kirby's Digest, § 6649, will continue only to the time of trial
    in the circuit court, and the entire amount due as wages and penalty
    are merged in the circuit court judgment.

Appeal from Clay Circuit Court, Western District;
*W. J. Driver,* Judge; affirmed.

*J. L. Taylor,* for appellant.

This action was commenced within the sixty days
required by law, and the wages continue up to the date
of final judgment. 66 Ark. 409. A separate suit can
be maintained to recover the wages or penalty. 70 Ark.
226; 58 *Id.* 407. The wages are due every two weeks,
and a suit can be brought as a separate cause of action.
Kirby & Castle's Digest, § 5462; 23 Cyc. 444-5; 27 L. R.
A. 409; 74 Ark. 615; 78 *Id.* 595; 89 *Id.* 435; 83 *Id.* 372.

The effect of the statute is to continue the contract
of employment in full force until the employer pays the
amount due. The "penalty" is so far contractual as to
give a justice of the peace jurisdiction. 58 Ark. 407.

Appellant was compelled to sue in justice's court,
as his wages were less than $100 and the first suit was
not a merger. The statute gives the right to bring suc-
cessive suits for each installment. The demurrer was
improperly sustained. 4 So. Rep. 426; 38 Am. Rep.
8; 27 L. R. A. 409.

*T. J. Crowder,* for appellee.

1. The wages and penalty are considered together in determining jurisdiction. 86 Ark. 147. Appellant had the right of election of his forum, and having so elected he can not complain. The two items constitute one cause of action. 86 Ark. 147. He can not split up the liability and bring separate suits. 24 Ark. 177. By suing for a less sum, he waived or remitted the balance. The entire action was merged by the first judgment. 60 Ark. 146; 63 *Id.* 259; 64 *Id.* 83, 94; 35 Mich. 431.

2. The demurrer was properly sustained. Cases *supra.*

Wood, J. The appellant alleged that the appellee was a corporation; that he was in its employ on the 28th of May, 1915; that on that date the appellee was indebted to him in the sum of $58.19 upon account for wages; that the account at that time was due and unpaid, and that appellee had refused to pay the same, although at various times it was requested to do so. Appellant alleged that he was employed at a wage of $125 per month; that the appellee on the 28th day of May, 1915, discharged him and at that time the appellant requested of the appellee the money or a valid check for his wages; that the appellee refused to pay appellant, and on the 20th day of July, 1915, within sixty days after he was discharged he filed suit in a justice court for the amount of his wages and the penalty that had then accrued and recovered judgment for the sum of $54.04 before the justice; that the appellee appealed from the judgment to the circuit court; that the cause was tried in the circuit court on the 19th of January, 1916, and judgment rendered in that court for the sum of $58.19, his wages, and the sum of $300 for the amount of the penalty that had accrued from the 28th day of May up to and including the 9th day of August, 1915; that there is now due the appellant from the appellee for penalty for failure to pay the wages from the 9th day of August, 1915, up to

and including the 19th day of January, 1916, at the rate
of $125.00 per month, totaling $662.50, for which sum appellant prayed judgment with six per cent. interest.

The appellee filed a general demurrer to the complaint, which was sustained, and the appellant refusing
to plead further, a judgment was entered dismissing the
complaint, and this appeal follows.

The allegations of the complaint show that the action was one grounded on section 6649 of Kirby's Digest,
which requires that the wages earned by servants and
employees of corporations are due and payable on the
day such servants or employees may be discharged. The
act requires that such wages ''shall not continue more
than sixty days unless an action therefor is commenced
within that time.'' If such wages are not paid within
seven days after such discharge and demand has been
made for payment, then the wages continue as a penalty
until paid, at the same rate. Under the statute the penalty
is an incident to the amount due for wages and may be
added to the wages due in determining jurisdiction.
*St. Louis, I. M. & S. Ry. Co.* v. *Walsh*, 86 Ark. 147-49.

(1) At the time appellant instituted his suit in the
justice court the amount of the wages and accrued penalty together was sufficient to give jurisdiction also to
the circuit court. But appellant elected to bring his suit
in the justice court, and he is, therefore, limited in the
amount which he could recover to the jurisdiction of that
court. The bringing of his suit in the justice court was
tantamount to a remittitur by appellant of the sum due
him as a penalty, in excess of three hundred dollars, and
after the judgment of the justice was rendered to the
full amount of the jurisdiction of the justice, in appellant's favor, including the penalty that had accrued at
the time, such judgment became final on the trial anew in
the circuit court, and appellant could not thereafter bring
a separate suit for the balance of the penalty that might
then have been recovered had appellant elected to bring
his suit originally in the circuit court. The trial anew in

the circuit court on appeal was but the same cause of action that had been tried by the justice court, and the judgment of that court completely extinguished all sums due appellant in excess of the justice's jurisdiction. *Hunton* v. *Luce,* 60 Ark. 146, 150.

(2-3) The penalty could only continue to the time of the trial in the circuit court, and the entire amount due appellant for his wages and the penalty was merged in that judgment. *St. Louis, I. M. & S. Ry. Co.* v. *Paul,* 64 Ark. 83.

If appellant's wages had been paid, but the penalty also due him had not been paid, then appellant could have maintained a separate action for the penalty. *St. Louis, I. M. & S. Ry. Co.* v. *Pickett,* 70 Ark. 226. But appellant could not split up his cause of action for a penalty and bring separate suits for same. When he sued for his wages and the penalty incident thereto before the justice, this barred his right of action in any other suit for the penalty.

The judgment is therefore correct and it is affirmed.