DES ARC OIL MILL, INC., v. McLEOD.

Opinion delivered December 22, 1919.

1. ABATEMENT AND REVIVAL—DISSOLUTION OF CORPORATION.—Under Kirby's Digest, sections 935, 954, dissolution of a corporation did not abate a pending suit against it based upon a claim for unascertained and unliquidated damages; the claimant being a "creditor" within the statute, and the claim of damages constituting a "debt."

2. CORPORATIONS—DISSOLUTION—PENDING ACTIONS.—Kirby's Digest, section 954, providing that equity courts should dissolve and wind up insolvent corporations, did not contemplate that actions properly pending at law should be transferred to equity; but when such actions are reduced to judgment in the law court, enforcement should be had in equity.

Appeal from Prairie Circuit Court, Northern District; *George W. Clark*, Judge; affirmed.

*John F. Clifford, Price Shofner, F. E. Brown* and *Richard M. Mann*, for appellants.

1. The dissolution of the corporation abated all actions against it. Kirby's Digest, §§ 957-8; Thompson on Corp. (1910 Ed.), par. 6562-4-5-9; 116 Ark. 74; 21 Wall. 609; 3 Story 658; 69 S. E. 822. The motion to abate should have been granted, as the corporation had been duly dissolved. 116 Ark. 74; 144 U. S. 640; 8 Pet. 281; Cook on Corp. (1908 Ed.), § 642; 10 Cyc. 1316-17; 68 Ill. 348; 111 Pac. 1073; 120 Fed. 165; 74 *Id.* 425; 7 R. C. L., pp. 735 to 740.

2.   It was error to refuse to transfer the case to the Pulaski Chancery Court, as it had jurisdiction, as the circuit court no longer had jurisdiction.   Kirby's Digest, § 958.

3.   A peremptory instruction for defendant should have been given, as plaintiff showed by his own testimony that he had full knowledge and appreciation of the danger and assumed the risk.   206 S. W. 655; 96 Ark. 500; 73 Id. 49; 82 Id. 534; 97 Id. 486; 107 Id. 341-528; 121 Id. 556; 163 Mass. 391.

4.   The court erred in reading to the jury plaintiff's instruction No. 3.   It gave undue emphasis to the particular features of the case embodied therein to the exclusion of defendant's theory and other issues.   79 Ark. 53; 89 Mich. 476; 50 N. W. 991.   It was also error to fail to give defendant's instruction No. 9.   It was incumbent on the master to instruct the servant against danger not reasonably anticipated.   See cases *supra;* 26 Cyc. 1116; 76 N. W. 362; 44 S. E. 707.

*Brundidge & Neelly* and *Emmet Vaughan,* for appellee.

1.   The cause did not abate on account of the dissolution of the corporation.   The Legislature never intended giving the right to surrender a charter to defeat a pending cause of action in the courts.   116 Ark. 80.   The parties, appellants, voluntarily came into court and made themselves parties to the action and can not avoid liability by setting up the dissolution of the corporation.

2.   The peremptory instruction was properly refused as heretofore decided on former appeals to this court, as was also the refusal to give No. 9.   This court has practically passed on all the instructions given and refused and there was no error.

SMITH, J.   This is the third appeal in this cause and the facts out of which the litigation arises need not be restated here.   *McLeod* v. *Des Arc Oil Mill Co.,* 131 Ark. 594, 199 S. W. 932; *Des Arc Oil Mill, Inc.,* v. *McLeod,* 137 Ark. 615, 206 S. W. 655.

At the trial from which this appeal was prosecuted instructions were given conforming to the law as announced in the former opinions, and no useful purpose would be served by reviewing them.

It is earnestly insisted, however, that a verdict should have been directed in favor of appellants. But there appears to be no substantial difference between the testimony on this appeal and that on the former appeals, and we have already twice held that the testimony made a case for the jury.

It appears that, after the second judgment had been rendered in the court below, and prior to the reversal of that judgment here, the corporation assigned its assets to one of its stockholders, and, by unanimous vote of the stockholders, a resolution was adopted dissolving the corporation. Before the trial from which this appeal was prosecuted a receiver was appointed on the prayer of one of the stockholders and officers, who was also a creditor, and a motion was made in the court below to transfer this cause to the Pulaski Chancery Court, where the receivership was pending. That motion was denied, and the cause proceeded to trial and judgment.

A claimant for damages is a creditor (*Papan v. Nahay*, 106 Ark. 230; *Horstmann v. LaFargue*, 140 Ark. 558), and the damages claimed constitute a debt within the protection of the law; and we do not think the dissolution of the corporation abated appellee's suit for damages.

It is pointed out that at the common law, and in the absence of any saving statute, the dissolution of a corporation effectually abates all actions pending against it at the time of such dissolution, and it is asserted upon the authority of the opinion in the case of *State ex rel. Attorney General v. Arkansas Cotton Oil Co.*, 116 Ark. 74, that we have no saving statute which prevents the abatement of suits for debt. That case, however, was a suit for a penalty, and, recognizing the rule of the common law stated above, we there held that our statute on the subject of the dissolution of corporations did not contain a saving clause making the corporation liable for

penalties claimed against the corporation at the time of
the dissolution.   The statute on the subject is as follows:

"Sec. 953.   If any corporation shall expire or cease
to exist, either by its own limitation, judicial judgment or
forfeiture of charter, or by legislative act, the common
law in relation to corporations shall not be in force in rela-
tion thereto, but the goods and chattels, lands, tenements
and hereditaments, and every right or profit issuing
out of or appertaining thereto, moneys, credits and effects
of such corporation, shall immediately vest in the State
in trust for the uses and purposes by said charter con-
templated; and each, every and all right, upon the expira-
tion or dissolution of said corporation, shall be and is in
abeyance until the action of the Legislature shall be had
thereon, unless provisions shall be made by law for the
management of said corporation fund in contemplation
of such dissolution.

"Sec. 954.   Hereafter courts having equitable juris-
diction may make decrees upon the application of the
stockholders or creditors of any corporation, to dissolve
and wind up such corporation and to pay its debts and
distribute its assets among the holders of the shares of
stock thereof, in all cases where it shall be made to ap-
pear that such corporation is insolvent, and therefore
unable to continue its business, and in all cases where it
shall be made to appear that the corporation has ceased
to transact business."   Kirby's Digest.

It will be observed that in express terms the common
law rule is abrogated and courts having equitable juris-
diction are authorized to wind up such corporations and
"to pay its debts and distribute its assets," and in the
case of *State ex rel. Attorney General, supra,* we said of
the statute quoted that it "does, as before stated, contain
a provision for the payment of debts and the distribution
of assets, but this does not, for obvious reasons, apply to
the recovery of a penalty."   And in the same case it was
also said:

"Since there is no provision in the statute for
the payment of this kind of a claim against a dissolved

corporation, it is plain that there can be neither a continuation of the action nor a revival thereof. Whether there would be an abatement of an action which does in effect survive under the statute, we need not stop to inquire, for the reason that that question is not raised here. We have before us the question of enforcement of a strictly penal statute, which does not survive under this or any other statute, no provision is made for the enforcement of such claim against a dissolved corporation, and it necessarily follows that the action does not survive, even where the dissolution takes place after the commencement of the action."

Although appellee's demand was a debt, it was based upon a claim for unascertained and unliquidated damages, which must first be ascertained, and the suit for that purpose pending at the time of the dissolution did not abate. It was not necessary to revive it against any one because it had not abated, and the court properly refused to transfer it to the chancery court where the receivership was pending, because the statute quoted manifests no purpose to lift out of the law courts the jurisdiction of pending causes which were otherwise properly triable at law.

Of course, when such demands have been reduced to judgment payment must be enforced in the manner pointed out by the statute—that is, through the aid of courts having equitable jurisdiction.

It is pointed out in the opinion in the case of *State ex rel. Attorney General, supra,* that business corporations were unknown at the common law, and the only municipal, ecclesiastical and eleemosynary corporations then existed; and we think the purpose and effect of our statute changing the common-law rule in regard to dissolved corporations was to prevent corporations generally from freeing themselves from liability for their debts by dissolving.

The statute makes no attempt to prevent corporations from dissolving; indeed, it provides the method by which they may do so, but its purpose would be largely

defeated if it were given a construction which rendered it impotent to prevent a corporation ridding itself of a debt in the manner here attempted.

Judgment affirmed.