## HANSON v. McLEOD.

Opinion delivered May 30, 1927.

1. ABATEMENT AND REVIVAL—EFFECT OF DISSOLUTION OF CORPORATION.—Dissolution of a domestic corporation which had failed to file reports as required by Crawford & Moses' Dig., § 1715, pending action by a former employee against the corporation and its president for unpaid wages, penalty and damages for breach of employment contract, did not abate the action.

2. ABATEMENT AND REVIVAL—EFFECT OF DISSOLUTION OF CORPORATION.—The circuit court had jurisdiction to render judgment for penalty for unpaid wages and damages against an employer corporation and its president, after dissolution of the corporation during the pendency of the action.

3. CORPORATIONS—ENFORCEMENT OF JUDGMENT AGAINST CORPORATIONS AFTER DISSOLUTION.—The aid of the chancery court was properly invoked to enforce payment of a judgment rendered in the circuit court against a corporation after its dissolution.

4. CORPORATIONS—ENFORCEMENT OF JUDGMENT AGAINST DISSOLVED CORPORATION.—Where the stockholders of a dissolved corporation took over its assets, the chancery court properly rendered judgment against them in a suit to enforce a judgment against the corporation in the circuit court.

Appeal from Lafayette Chancery Court; *J. Y. Stevens,* Chancellor; affirmed.

*King & Whatley,* for appellant.

*McKay & Smith,* for appellee.

SMITH, J. This cause was heard in the court below upon an agreed statement of facts, which contained the following recitals: Appellee McLeod filed suit on November 28, 1924, against the Hanson Lumber Company, a domestic corporation, and R. H. Hanson, the president thereof, for $138.38, unpaid wages, and $300 as penalty for failure to pay the wages, and $11,000 damages for breach of the contract under which plaintiff had been employed. At the trial of the cause plaintiff recovered judgment for $438.38, the amount of wages earned and not paid and two months' salary at $150 per month. No part of this judgment has ever been paid.

No statement of the condition of the corporation was ever filed with the clerk of the county court of the county

in which the corporation was domiciled for either of the years 1924 or 1925, the time during which said wages were earned, as required by § 1715, C. & M. Digest.

During the pendency of the litigation above mentioned there was filed with the Secretary of State of the State of Arkansas a resolution of dissolution of said corporation, in which it was recited that the stockholders of the corporation had taken over all its assets and had assumed all its liabilities. After the recovery of the judgment in the circuit court, plaintiff filed a complaint in the chancery court, alleging the facts above stated, and that the stockholders of the corporation had taken over the assets of the corporation, pursuant to the resolution of dissolution, and that these assets exceeded in value the debts of the corporation. There were only three stockholders of the corporation, they being the president, R. H. Hanson, and two other members of his family. Upon this record the chancery court rendered a decree in plaintiff's favor for the amount of the judgment of the circuit court, together with costs, against the corporation and the three stockholders thereof, and this appeal is from that decree.

Appellants contend, for the reversal of the decree of the chancery court, that, since the corporation was dissolved during the pendency of the action in the circuit court, that court had no jurisdiction to proceed to render judgment, and that the cause should have been transferred to the chancery court and the assets of the corporation there administered. It is especially insisted that the circuit court had no jurisdiction, after the dissolution of the corporation, to render judgment for the penalty for $300.

The cases of State ex rel. the Attorney General v. Arkansas Cotton Oil Co., 116 Ark. 74, 171 S. W. 1192, Ann. Cas. 1917A, 1178; St. L. I. M. & S. R. Co. v. Walsh, 86 Ark. 147, 110 S. W. 222; and Des Arc Oil Mill, Inc., v. McLeod, 141 Ark. 332, 216 S. W. 1040, are decisive of the questions presented on this appeal.

In the first of those cases it was decided that a strictly penal action did not survive against a corporation which, during the pendency of the action for the penalty, surrendered its charter, since the statutes make no provision for the payment of penalties assessed against a dissolved corporation. This case pointed out the distinction between penal and remedial actions, it being there stated that, where an action is founded entirely upon a statute, and the only object of the suit is to recover a penalty or forfeiture provided by the statute, it is a penal action, and does not survive the dissolution of the corporation, but that, where the damages sued for are given wholly to the injured party as compensation for a wrong or an injury, the statute having for its object more the indemnification of the plaintiff than the punishment of the defendant, the action is remedial, and survives the dissolution.

In the case of *St. L. I. M. & S. R. Co.* v. *Walsh, supra,* the court considered the nature of an action against a corporation for the statutory penalty for discharging an employee without paying his wages, and the court said:

"In *Leep* v. *St. L. I. M. & S. R. Co.,* 58 Ark. 407, 25 S. W. 75, 23 L. R. A. 264, 41 Am. St. Rep. 109, and *St. L. I, M. & S. R. Co.* v. *Pickett,* 70 Ark. 226, 67 S. W. 870, the nature of this so-called penalty was discussed, and it was held to be damages, both exemplary and compensatory, and not a penalty, although so nominated in the statute. It is an incident to the amount due for wages, an unearned increment, as it were, and may be added to the claim for wages in determining jurisdiction."

It appears therefore that plaintiff's suit was not one to recover a penalty.

The case of *Des Arc Oil Mill, Inc.,* v. *McLeod, supra,* was one in which an employee sued the corporation by which he had been employed to recover damages for a personal injury, pending which suit the corporation surrendered its charter and was dissolved. The cause proceeded to a judgment, notwithstanding that fact, and, after the recovery of the judgment in the circuit court,

suit was filed in the chancery court to subject the assets of the dissolved corporation to the payment of the judgment. It was pointed out in that case that, at the common law and in the absence of any saving statute, the dissolution of a corporation abates all actions pending against it at the time of such dissolution, and it was insisted, upon the authority of the case of *State ex rel. Attorney General* v. *Arkansas Cotton Oil Co., supra,* that the suit for damages had abated, but we held against that contention. Sections 953 and 954 Kirby's Digest (now §§ 1819 and 1820, C. & M. Digest) were quoted, and we held that the suit, which was an action for unliquidated damages, survived. We held that it was not necessary to revive the action against any one, notwithstanding the dissolution, as it had not abated, and that the circuit court properly refused to transfer it to the chancery court, where the receivership was pending, because the statute quoted manifested no purpose to lift out of the law courts jurisdiction over pending causes of action which were properly triable at law. It was also pointed out that, when a demand had been reduced to judgment, the payment thereof must be enforced in the manner pointed out by the statute, which was through the aid of courts having equitable jurisdiction.

The proceedings in the present case conformed to the practice as there defined. The suit was not for a penalty, which abated upon the dissolution of the corporation, and the circuit court properly retained jurisdiction to adjudicate the demand sued upon, and, when the judgment was recovered, the aid of the chancery court was properly invoked to enforce the payment of the judgment of the circuit court.

The stockholders assumed the payment of the debts of the corporation when they took over its assets, and it is not questioned that the value of these assets exceeded the liabilities of the corporation. Judgment was therefore properly rendered in the chancery court against these stockholders, as well as the corporation itself, for the amount of plaintiff's judgment, and that decree will therefore be **affirmed.**