McCoy *v.* Lockridge.

4-3188

Opinion delivered November 20, 1933.

*Cockrill & Armistead* and *W. A. Leach,* for appellant.

*Joseph Morrison,* for appellee.

KIRBY, J., (after stating the facts). No notice of the dissolution of the corporation or the distribution of its assets among its stockholders was published by the Stuttgart Rice Mill Company; and it was admitted that appellee had no actual notice thereof, the agreed

statement of facts containing the following stipulation: "No notice of the dissolution of the corporation nor of the distribution of its assets among its stockholders was published by the Stuttgart Rice Mill Company; that after the rendition of the original decree in favor of Lozier Lockridge and before the filing of this cause of action he caused an execution to be issued against the Stuttgart Rice Mill Company and that the same was by the sheriff of Arkansas County returned marked 'nothing found'."

Appellee's cause of action against appellants, stockholders, could not have arisen until the attempted dissolution of the corporation by the adoption of the stockholder's resolution on March 17, 1926, and its certification to the office of the Secretary of State on April 9, 1926. It is admitted that after the rendition of the original decree on May 11, 1931, and before this suit was filed on September 21, 1931, appellee caused an execution to be issued thereon against the Stuttgart Rice Mill Company and same was returned by the sheriff marked "nothing found."

It was also shown that appellee had no knowledge of any facts that would constitute actual notice of the attempted dissolution of the corporation before the return of the execution *"nulla bona";* but a proper following up of that information would have disclosed the actual conditions and thus appellee was charged with notice from then on. The exact date of the execution is not shown in the record, but it is clear, from the agreed statement of fact quoted above, that this execution was issued and returned by the sheriff marked, "Nothing found" sometime between May 11, 1931, the date of the original decree, and September 21, 1931, the date this suit was filed.

Such fraudulent concealment would prevent the running of the statute of limitations until the fraud was discovered, and under the agreed statement of fact herein appellee cannot be said to have been charged with notice thereof until after the *nulla bona* return of the execution, which would have advised appellee of the

true condition had the information been followed up. In *Wright* v. *Lake,* 178 Ark. 1184, 13 S. W. (2d) 826, it was said: "It is well settled in this State that where there has been a fraudulent concealment of a cause of action, the statute of limitations does not begin to run until after the fraud is discovered." (Citing cases). The cause of action was not barred by the five-year statute of limitations, and the chancellor did not err in so holding.

Neither was error committed in overruling the motion to dismiss for want of jurisdiction, appellant Wilson being summoned in Pulaski County, where he resided. This court had held in the case of *Wilson* v. *Lucas, supra,* that the liability of stockholders to the payment of the corporation's debts after dissolution was joint and several, and the assets thereof received by them constitute a trust fund for payment primarily of the debts of the dissolved corporation. Moreover, after the court overruled the motion to dismiss for want of jurisdiction, appellant agreed in writing to a hearing by the chancellor of the suits in vacation and necessarily waived any further right to complain of the jurisdiction of the court. *Pacific Mutual Life Ins. Co.* v. *Toler,* 187 Ark. 1073, 63 S. W. (2d) 839.

We find no substantial error in the record, and the decree is affirmed.

McHANEY, J., dissents.