HIRSCH *v.* WALKER.

4-8263                                                204 S. W. 2d 905

Opinion delivered October 20, 1947.

*Dinning & Dinning,* for appellant.

*David Solomon, Jr.,* for appellee.

ED. F. McFADDIN, Justice. This appeal necessitates the consideration of some of our statutes relating to dissolution of domestic corporations.

On March 25, 1942, Josie Walker duly obtained a judgment in the Municipal Court of the City of Helena for $100 against Kemmer Gins, Inc., then a duly organized and existing domestic corporation domiciled in

Phillips county, Arkansas. Kemmer Gins, Inc., appealed the Municipal Court judgment to the Phillips Circuit Court; but, because some of the attorneys and witnesses of both sides were in the Armed Forces, the case was not tried in the Circuit Court until April 30, 1946. On that last-mentioned date, all parties announcing ready, a trial *de novo* to a jury resulted in a judgment for Josie Walker against Kemmer Gins, Inc., for $100 and interest and costs. An execution, issued on the Circuit Court judgment, was returned *nulla bona;* and then Josie Walker and her attorney learned, for the first time, that Kemmer Gins, Inc., had filed a certificate of dissolution of the corporation in the county clerk's office of Phillips county on January 12, 1943, which certificate stated that the corporation had dissolved by unanimous consent of all stockholders on September 7, 1942, and the assets had been distributed to the stockholders.

Upon the return of the *nulla bona* execution, Josie Walker filed the present suit in the Phillips Chancery Court against Ludwig Hirsch, Edmund Hirsch, Saul Davidson, Abe Davidson and R. R. Kemmer, as all of the previous stockholders of Kemmer Gins, Inc. In addition to the foregoing facts, the complaint also alleged that the said defendants took over all the assets of the corporation, which assets were far in excess of all liabilities, including Josie Walker's judgment; that, in equity, the said defendants held these assets as trustees. The prayer was for joint and several judgment against the said defendants for the amount of Josie Walker's judgment, interest and costs, and that, for the satisfaction of the plaintiff's judgment, she have a lien upon said assets that passed into the hands of the defendants. All of the defendants pleaded limitations; and R. R. Kemmer, in addition, pleaded that the other four defendants had agreed to hold him harmless from any and all liability for debts of the Kemmer Gin, Inc., such as the judgment of Josie Walker. The case was tried upon stipulated facts, which included all those above detailed, as well as other facts hereinafter mentioned.

The chancery court entered a decree in favor of Josie Walker, and against Ludwig Hirsch, Edmund

Hirsch, Saul Davidson and Abe Davidson, jointly and severally, for the full amount of Josie Walker's circuit court judgment, interest and costs, and also decreed her a lien on certain real estate; and as to that decree, the Hirsches and Davidsons have appealed. The circuit court entered a decree discharging R. R. Kemmer from all liability to Josie Walker; and as to that decree Josie Walker has appealed. The essential issues will be discussed under suitable topic headings. We will refer to: (1) Kemmer Gins, Inc., as the "corporation"; (2) Ludwig Hirsch, Edmund Hirsch, Saul Davidson and Abe Davidson as "appellants"; (3) Josie Walker as "appellee"; and (4) R. R. Kemmer individually as "Kemmer." No brief has been filed for him in this court.

I. *Limitations.* In the chancery court the appellants and Kemmer claimed limitations under the provisions of §§ 2210, 2203 and 2148, Pope's Digest.[1] These

[1] Section 2210 Pope's Digest was section 48 of Act 255 of 1931, and reads: "If any corporation becomes dissolved by the expiration of its charter or otherwise, before final judgment obtained in any action pending or commenced in any court of record of this State, against any such corporation, the said action shall not abate by reason thereof, but the dissolution of said corporation being suggested upon the record, and the names of the trustees or receivers of said corporation being entered upon the record, and notice thereof served upon said trustees or receivers, or if such service be impracticable, upon the counsel of record in such case, the said action shall proceed to final judgment against the said trustees or receivers by the name of the corporation."

Section 2203 Pope's Digest was section 41 of Act 255 of 1931, and reads: "All corporations, whether they expire by their own limitations, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution as bodies corporate for the purpose of prosecuting and defending suits by or against them and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their assets but not for the purpose of continuing the business for which said corporation shall have been established; provided, however, that with respect to any action, suit or proceeding begun or commenced by or against the corporation prior to such expiration or dissolution and with respect to any action, suit or proceeding begun or commenced by the corporation within three years after the date of such expiration or dissolution, such corporation shall only for the purpose of such actions, suits or proceedings so begun or commenced be continued bodies corporate beyond said three-year period and until any judgments, orders, or decrees therein shall be fully executed."

Section 2148 Pope's Digest was section 15 of Act 255 of 1931, and reads: "No action shall be brought against the stockholders for any debt of the corporation until judgment therefor is recovered against the corporation and an execution thereon has been returned unsatisfied in whole or in part. Provided, it shall not be necessary to secure judgment against a corporation in the hands of a receiver, or which shall

sections are a part of Act 255 of 1931 entitled, "An Act to Provide for the Formation of Corporations, the Regulation and Control of Corporations, and for other Purposes." This 1931 act amended—if it did not in fact supersede—Act 250 of 1927. Appellants contend: (1) that the present chancery suit is barred because it was filed more than three years after the corporation was dissolved, and after notice of such dissolution had been filed in the office of the county clerk; (2) that the appellees committed a fatal error in failing to revive the circuit court suit against appellants under the provisions of § 2210, Pope's Digest, prior to the rendition of the circuit court judgment; and (3) that, at all events, they were entitled to the protection of the two-year statute of limitation contained in § 2148, Pope's Digest.

It will be observed that a judgment had been obtained against the corporation in the municipal court, and was pending on appeal in the circuit court when the corporation was dissolved. If the dissolution of the corporation had been suggested in the circuit court action, then, under § 2210, Pope's Digest, the action could have been revived against the appellants and Kemmer as trustees. Such suggestion was not made by appellee, because neither she nor her attorney knew of the dissolution of the corporation. Likewise, neither the attorney[2] representing the corporation, nor any of the appellants, nor Kemmer suggested or mentioned such dissolution. So, § 2210 was not invoked by either side. It is stipulated that at the trial in the Phillips Circuit Court on April 30, 1946, R. R. Kemmer testified as a witness for the corporation, and both Saul Davidson and Edmund Hirsch were present and witnessed the trial, and that no one suggested that the corporation was dis-

have been adjudged bankrupt. No stockholder shall be personally liable for any debt of the corporation not payable within two years from the time it is contracted, nor unless an action for its collection shall be brought against the corporation within two years after the debt becomes due; and no action shall be brought against the stockholder after he shall cease to be the owner of the shares for any debt of the corporation, unless brought within two years from the time he shall have ceased to be a stockholder."

[2] Attorneys for appellants in this court did not appear as representing the corporation in the circuit court.

solved. In short, § 2210, Pope's Digest, was not invoked by either side in the circuit court case.

But § 2210 is not the exclusive method of continuing the prosecution of a pending action against a dissolved corporation. Section 2203 provides an alternate method. Section 2203 provides, *inter alia,* that the corporation, even though dissolved, may continue the defense of the suit; and the procedure of that section was followed in the Phillips Circuit Court. It is thus clear that the appellants and Kemmer elected to proceed under § 2203, in that they allowed the defense of the suit in the circuit court to be made as though the corporation were still alive; and when they elected to proceed under that section, they necessarily were bound by all the provisions of that section. The last clause of that section provides that:

". . . with respect to any action . . . or proceeding . . . commenced against the corporation prior to . . . dissolution . . . such corporation shall . . . be continued . . . beyond said three-year period *and until any judgments,* orders or decrees therein shall be fully executed."

We italicize the last few words, because the judgment rendered by the Phillips Circuit Court has not been "fully executed." Appellee sought the aid of the chancery court to complete the execution of the judgment by recapturing assets transferred by the corporation over and above the debts. Appellants and Kemmer have stipulated that they received assets of the corporation over and above all debts. The equity is that they took these assets as trustees for creditors of the corporation. Until appellee's judgment is "fully executed," appellants and Kemmer are in no position to claim § 2203 as a defense.

Furthermore, this is not a suit against a stockholder *as such* under § 2148, Pope's Digest; but is a suit against individuals to charge them as trustees for receiving assets of the corporation over and above the debts, and which assets should be subjected to the payment of appellee's judgment. The following cases, while decided before the enactment of Act 255 of 1931, nevertheless

enunciate general principles applicable to the case at bar. *Des Arc Oil Mills* v. *McLeod,* 141 Ark. 332, 216 S. W. 1040; *Hanson* v. *McLeod,* 174 Ark. 270, 294 S. W. 998; and *McCoy* v. *Lockridge,* 188 Ark. 197, 66 S. W. 2d 624.

The chancery court correctly overruled the plea of limitations, and correctly rendered judgment against appellants.

II. *The Appeal Against Kemmer.* The chancery court denied appellee any judgment against Kemmer. This was evidently because the appellants, in accepting title to certain assets of the corporation in 1942, agreed "to hold the said R. R. Kemmer harmless . . . in the event the remaining indebtedness referred to shall not be paid.' The fact that the appellants had agreed to hold Kemmer harmless does not defeat appellee's right to a judgment against Kemmer jointly and severally along with appellants, because it is stipulated that "each of the defendants has received property upon this dissolution the value of which exceeded the debts of the corporation at the time of the dissolution, and the amount of the judgment awarded Josie Walker." This stipulation gave appellee the right to a judgment against Kemmer the same as against the other defendants. Kemmer may have a cause of action against appellants,[3] but that is a matter not now before us. The point here is that Kemmer cannot use the appellants' agreement to indemnify him, as a defense against appellee's suit.

It follows that the decree of the chancery court is affirmed against appellants, but is reversed insofar as R. R. Kemmer is concerned, and remanded with directions to render judgment for appellee against Kemmer the same as was rendered against the appellants. Costs of this appeal are taxed against appellants and Kemmer jointly and severally.

[3] See *Carter* v. *Adamson,* 21 Ark. 287, and see, also, 31 C. J. 441.